UNITED STATES

v.

Daron R. McCALLUM, 409 47 6943, Airman Recruit (E–1), U.S. Navy.

NMCM 90 1375.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 Feb. 1990.

Decided 29 Oct. 1990.

LtCol E.A. Ritti, USMCR, Appellate Defense Counsel.

LT Wade W. Parrish, JAGC, USNR, Appellate Defense Counsel.

LtCol J.S. Uberman, USMC, Appellate Government Counsel.

Before ALBERTSON, LANDEN and LAWRENCE, JJ.

LANDEN, Judge:

Pursuant to his pleas appellant was convicted of unauthorized absence terminated by apprehension, falsely making a leave request, and breaking restriction. He was sentenced to confinement for 105 days, forfeiture of $450.00 pay per month for 3 months, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, but suspended for 6 months, from date of trial, confinement in excess of time served plus 30 days.

Before this court, appellant asserts, in a summary assignment of error, that the record of trial is "inadequate" and not in compliance with Rule for Courts–Martial (R.C.M.) 1103(b)(2)(B) as there is not compliance with R.C.M. 1103(b)(3)(K). We are not sure how appellant is using the term "inadequate." Does appellant mean that the written transcript of "all sessions except sessions closed for deliberations and voting ..."[1] are not verbatim? Or, does appellant mean that the record of trial is "inadequate" because it does not include matters set forth in R.C.M. 1103(b)(3)?

██ If the written transcript of trial is not substantially verbatim, it will not support a sentence that includes a bad-conduct discharge. *United States v. Harmon*, 29 M.J. 732 (AFCMR 1989). Minor and insubstantial omissions from a record of trial do not affect its characterization as verbatim. *United States v. Lashley*, 14 M.J. 7, 8 (C.M.A.1982).

██ A record of trial includes the verbatim written transcript, charge sheet, convening order, written forum selection request, exhibits admitted and not admitted into evidence, and appellate exhibits. R.C.M. 1103(b)(2)(D). Matters listed in R.C.M. 1103(b)(3) "shall be attached to the record." *See United States v. Hock*, 31 M.J. 334 (C.M.A.1990).

We have examined the record of trial and find that it contains a verbatim transcript, meeting the requirements of Article 54(b) of the Uniform Code of Military Justice, 10 U.S.C. § 854(b).

There is no allegation or indication that any proceeding of the court-martial, including sidebar conferences of counsel, was omitted from the written transcript of trial. The only allegation is that a post-trial created document, if such a document exists, is not attached to the record of trial. On the other hand there may not have been any "conditions of suspension" promulgated by the convening authority at the time he took his action, so the only condition of suspension was the R.C.M. 1108(c) presumptive condition that appellant not violate any punitive article of the Code. *See United States v. Jenkins*, 30 M.J. 1101 (NMCMR 1989). Absent evidence that "conditions of suspension" other than the presumptive condition existed or a showing of prejudice, we find appellant's allegation of error to be without merit.

The convening authority suspended confinement in excess of time served plus 30 days as required by the pretrial agreement. The convening authority took his action 40 days after date of trial. We presume appellant was released at the required time and that he received proper credit as required by *United States v. Allen*, 17 M.J. 126 (C.M.A.1984).

The findings of guilty and the sentence as approved on review below are affirmed. We have considered the appellant's desire to remain in the U.S. Navy and trial defense counsel's post-trial submission.

Senior Judge ALBERTSON and Judge LAWRENCE concur.

---

1. R.C.M. 1103(b)(2)(B).