### UNITED STATES

v.

**Steven H. MAYVILLE, 371 84 5985, Hull Maintenance Technician Second Class (E–5), U.S. Navy.**

### NMCM 90 0402.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 27 Nov. 1989.

Decided 15 Feb. 1991.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

LtCol Eugene A. Ritti, USMCR, Appellate Defense Counsel.

Lt Kirk A. Ludwig, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, C.J., and STRICKLAND and ORR, JJ.

ORR, Judge:

Pursuant to his pleas, the appellant was convicted of stealing $1,699.46 worth of military tools and equipment. He was sentenced to confinement for 10 months, forfeiture of $465.00 pay per month for 10 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of 6 months and any forfeiture of pay in excess of $465.00 pay per month for 6 months as required by the terms of a pretrial agreement.

In the first of two assignments of error, the appellant asserts that the convening authority erred by approving a sentence that included a bad-conduct discharge based upon an inadequate record. The "inadequacy" identified by the appellant is that the convening authority failed to specify the conditions of the suspension of the remaining 4 months of the adjudged sentence to confinement. (The appellant does not mention the suspension of the forfeiture of pay, but that suspension certainly comes within the ambit of the appellant's argument.) The appellant claims that Rule for Courts–Martial (R.C.M.) 1108(c) of the Manual for Courts–Martial (MCM), United States, 1984, requires the convening authority to: specify *all* conditions of suspension in writing, including those otherwise imposed by law; serve a copy of the conditions on the probationer; and, obtain a receipt for that service. The appellant then asserts that R.C.M. 1103(b)(3)(K) requires both the conditions of suspension and the proof of service on the probationer to be attached to the record of trial, and if not evident in the record, that R.C.M. 1103(c)(1) and R.C.M. 1107(d)(3) then require that the convening authority not approve any sentence that includes a bad-conduct discharge or otherwise exceeds a sentence that could be adjudged by a special court-martial.

R.C.M. 1108(c) states, in part: "Unless otherwise stated, an action suspending a sentence includes as a condition that the probationer not violate any punitive article of the code." We read this statement, the concluding sentence of that section of R.C.M. 1108, to mean that, at least as to setting any conditions of suspension, the convening authority may simply state in his action that a certain punishment is suspended and effectively create a properly conditioned suspension. Since the only condition would be the one implied by law, it is not necessary for the convening authority to notify the probationer of that condition. Only conditions that are not implied by the MCM are subject to the requirements of notice and service otherwise imposed by R.C.M. 1108(c). *See United States v. McCallum*, 31 M.J. 882 (N.M.C.M.R.1990).

We also note in this case that the suspensions were made pursuant to a pretrial

agreement that originated with the appellant. That agreement required any sentence to confinement in excess of 6 months be suspended if a bad-conduct discharge was awarded, while no portion of any sentence to confinement need be suspended if no discharge was adjudged. In addition, forfeitures of pay in excess of two-thirds pay per month for 6 months were to be suspended whether or not a bad-conduct discharge was adjudged. Since the agreement specified no conditions of those suspensions, the only condition was the condition implied in R.C.M. 1108(c) that the appellant not violate any punitive article of the Uniform Code of Military Justice (UCMJ) during the period of the suspension. Whether the idea to suspend punishments originated with the appellant or were injected by the Government during the pretrial negotiation process, if there was any doubt as to the conditions of the suspension, the appellant had the opportunity to clarify them. Consequently, under the particular circumstances of this case, we are not dissuaded from our initial understanding of the requirements of R.C.M. 1108(c) that the appellant did not have to be notified in writing of the condition implied by law. *See McCallum*, 31 M.J. at 883.

■ Even if we reached a different conclusion concerning the requirements of R.C.M. 1108(c), we do not agree with the appellant's assertion concerning the consequences of a failure to specify the conditions of suspensions in writing. As pointed out above, the appellant cites R.C.M. 1107(d)(3) and R.C.M. 1103(c)(1) in support of this argument. R.C.M. 1107(d)(3) states: "If the record of trial does not meet the requirements of R.C.M. 1103(b)(2)(B) or (c)(1), the convening authority may not approve a sentence in excess of that which may be adjudged by a special court-martial, or one which includes a bad-conduct discharge." Subsection (b) of R.C.M. 1103 enumerates the requirements for the preparation of a record of trial for general courts-martial, and subsection (b)(2)(B) specifically requires that such records include a verbatim written transcript when the sentence imposed exceeds that which may be

adjudged at a special court-martial or includes a bad-conduct discharge. Subsection (c) of R.C.M. 1103 enumerates the particular requirements for the preparation of a record of trial for special courts-martial, but merely incorporates by reference several requirements from subsection (b) and makes them applicable to the preparation of records of special courts-martial without further explanation. For example, R.C.M. 1103(c)(1) expressly incorporates "[t]he requirements of subsections (b)(1), (b)(2)(A), (b)(2)(B), (b)(2)(D), and (b)(3)" and applies them to special courts-martial where a bad-conduct discharge had been adjudged.

The requirement to attach conditions of suspension and the proof of service otherwise required under R.C.M. 1108 to the record of a trial by a general court-martial stems from subsection (3)(K) of R.C.M. 1103(b), *not* subsection (b)(2)(B). Consequently, the only way subsection (b)(3)(K) enters this discussion is through its listing as one of the several requirements incorporated by reference into R.C.M. 1103(c)(1). If the result asserted by the appellant was intended by the drafters of the 1984 Manual, it is a rather obtuse way of imposing the requirement. Since we are addressing a general court-martial, reaching the result sought by the appellant becomes even more convoluted because the requirement would have to be imposed through the reference in R.C.M. 1107(d)(3) to subsection (c)(1), the part of R.C.M. 1103 applicable to special courts-martial, not to R.C.M. 1103(b)(2)(B).

There is no indication that such intricacies were intended by the drafters of the 1984 Manual, who simply state that R.C.M. 1107(d)(3) "is based on Articles 19 and 54(c)(1) and on the third sentence of paragraph 82b(1) of MCM, 1969 (Rev.)." Analysis, R.C.M. 1107(d), MCM, App. 21–74. Those articles require a complete record of the proceedings and testimony of any court-martial that includes a sentence adjudging punishments in excess of those that could be awarded at a special court-martial or that include a bad-conduct discharge. Articles 19, 54(c)(1), UCMJ, 10 U.S.C. §§ 819, 854(c)(1). The earlier MCM provision the drafters refer to states only that the record of a general court-martial,

with certain exceptions, "will set forth a verbatim transcript ... of all proceedings had in open sessions of the court, all sessions held by the military judge, and hearings held out of the presence of the members." Paragraph 82*b*(1), MCM, 1969 (Rev.).

In the current MCM, "a complete record" is defined in R.C.M. 1103(b)(2)(D) and includes the verbatim transcript required in subsection (b)(2)(B) when the sentence adjudged includes a bad-conduct discharge or otherwise exceeds the punishments that may be adjudged at a special court-martial. Matters to be attached to the record (vice being part of the record), such as the conditions of suspension and proof of service on the probationer, are listed in R.C.M. 1103(b)(3) and are not included in the definition of "a complete record" in R.C.M. 1103(b)(2)(D). In trials by general courts-martial, therefore, we find no requirement in R.C.M. 1107(d)(3) that the record of trial include matters to be attached to the record under R.C.M. 1103(b)(3) before a convening authority can approve a sentence that includes a bad-conduct discharge or otherwise exceeds the punishments that may be adjudged by a special court-martial. Consequently, even if it were necessary for a convening authority to comply with the notice and service requirements of R.C.M. 1108(c) when the only condition of suspension is the one implied by law, the failure to do so would not prevent the convening authority, absent some showing of specific prejudice, from approving a sentence that includes a bad-conduct discharge or otherwise exceeds a sentence that could be adjudged by a special court-martial.

As to the second assignment of error, we find a bad-conduct discharge to be an appropriate punishment in this case. Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Chief Judge WILLEVER concurs.

Senior Judge STRICKLAND (absent).