### UNITED STATES

#### v.

#### Robert L. SMITH, III, 224 35 2886, Corporal (E–4), U.S. Marine Corps.

#### NMCM 96 01633.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 6 May 1996.

Decided 11 Sept. 1997.

Military Judge: C.L. Carver. Review pursuant to Article 66(c), UCMJ, of General Court–Martial convened by Commanding General, 2d Marine Aircraft Wing, U.S. Marine Corps Forces, Atlantic, MCAS, Cherry Point, NC.

LT Estela I. Velez, JAGC, USNR, Appellate Defense Counsel.

LT L. Higdon MacPhee, JAGC, USNR, Appellate Defense Counsel.

LT Leslie K. Burnett, JAGC, USNR, Appellate Defense Counsel.

LCDR Christian L. Reismeier, JAGC, USN, Appellate Government Counsel.

Before DOMBROSKI, Chief Judge, LUCAS, Senior Judge, and PAULSON, Appellate Military Judge.

1. I. APPELLANT'S RECORD OF TRIAL IS INCOMPLETE IN THAT IT FAILS TO CONTAIN THE ADDENDUM TO THE STAFF JUDGE ADVOCATE'S RECOMMENDATION, THUS RENDERING THE RECORD INCOMPLETE AND INSUFFICIENT FOR THOROUGH APPELLATE REVIEW. (Citations omitted.)

II. APPELLANT'S SENTENCE TO AN UNSUSPENDED DISHONORABLE DISCHARGE IS INAPPROPRIATELY SEVERE CONSIDERING APPELLANT'S PRIOR GOOD MILITARY CHARACTER AND HIS EXPRESSED REMORSE FOR HIS ACTIONS. (References and citations omitted.)

2. I. GIVEN THE *SCIENTER* REQUIREMENT IN *18 U.S.C.* § 2252(a)(2) THAT THE APPELLANT KNOW THAT HE IS RECEIVING CERTAIN MATERIAL AND THAT HE KNOW THAT THE MATERIAL HE IS RECEIVING IS CHILD PORNOGRAPHY, *UNITED STATES V. X–CITEMENT VIDEO, INC.*, 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994), WAS THE APPELLANT'S GUILTY PLEA TO SPECIFICATION 1 PROVIDENT WHEN: PARAGRAPH 8 OF THE STIPULATION OF FACT SATISFIES THE *SCIENTER* ELEMENTS; BUT THE APPELLANT'S SWORN STATEMENTS DURING THE PROVIDENCE INQUIRY INDICATE THAT HE DID NOT KNOW THE AGES OF THE PARTICI-

PAULSON, Judge:

Pursuant to his pleas, the appellant was found guilty at a general court-martial, military judge alone, of one specification of wrongfully receiving child pornography and three specifications of wrongfully showing child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1994) [hereinafter UCMJ]. Specification 1 alleged a violation of 18 U.S.C. § 2252, and specifications 2, 3, and 4 alleged violations of North Carolina General Statute 14–190.17, as assimilated into Federal law by 18 U.S.C. § 13. The appellant was sentenced to confinement for 5 years, forfeiture of all pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged, but, pursuant to the terms of a pretrial agreement, he suspended all confinement in excess of 12 months for a period of 12 months from the date the sentence was adjudged.

The appellant submitted two assignments of error[1] and this court specified three issues.[2]

PANTS OF THE ILLICIT SEXUAL ACTIVITY UNTIL AFTER HE RECEIVED THE MATERIAL, VIEWED IT, AND DETERMINED THEIR AGES; BUT THE APPELLANT ADMITTED THAT THE ELEMENTS PROVIDED BY THE MILITARY JUDGE CORRECTLY DESCRIBED WHAT HE DID; AND THE TRIAL JUDGE DID NOT RESOLVE THESE INCONSISTENCIES?

II. DURING THE PROVIDENCE INQUIRY, WAS THE TRIAL JUDGE CORRECT IN INDICATING TO THE APPELLANT THAT THE MAXIMUM CONFINEMENT AT HARD LABOR WAS 15 YEARS (10 YEARS FOR THE TITLE 18 VIOLATION AND 20 MONTHS EACH FOR VIOLATIONS OF THE ASSIMILATED NORTH CAROLINA STATUTE) WHERE: THE CHARGE SHEET ALLEGES NO SPECIFIC DATES FOR THE THREE ASSIMILATED VIOLATIONS; THE APPELLANT INDICATED THAT HE DISPLAYED THE PORNOGRAPHIC MATERIAL ONLY ONCE TO THE THREE OTHER MARINES AS A GROUP; A GOVERNMENT SENTENCING WITNESS TESTIFIED THAT HE AND ONE OTHER MARINE WERE SHOWN THE MATERIAL ON TWO SEPARATE OCCASIONS; AND GOVERNMENT COUNSEL IN HIS BRIEF INDICATES THAT THE MAXIMUM CONFINEMENT WAS 20 YEARS?

III. WAS THE REQUIREMENT OF 18 U.S.C. § 2252(A)(2) THAT THE CHILD POR-

### Addendum to the SJAR

■ The appellant asserts that the record of trial is incomplete in that the addendum to the staff judge advocate's recommendation (SJAR) is missing. We conclude otherwise. As this court held in *United States v. Mayville*, 32 M.J. 838, 841 (N.M.C.M.R.1991), RULE FOR COURTS-MARTIAL 1103(b)(2)(D), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.], defines what constitutes a complete record. The SJAR addendum is not included by that definition. Instead, the addendum is an attachment to a complete record. R.C.M. 1103(b)(3)(G).

We note that the convening authority, in taking his action, stated that he specifically considered the addendum to the SJAR. In the absence of any indication to the contrary or demonstration of prejudice to the appellant, we will accept this statement as correct and take no action. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

### Sentence Appropriateness

■ The appellant argues that an unsuspended dishonorable discharge is inappropriately severe. After careful consideration of the circumstances of this case, the offenses, and the character of the appellant, we do not agree. *See generally United States v. Healy*, 26 M.J. 394 (C.M.A.1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982).

### The Scienter Requirement

■ With respect to scienter, there are two closely related issues. The first issue is whether the appellant's pleas were provident in light of apparent inconsistencies between his sworn statements during the providence inquiry and his admissions in the written stipulation of fact, Prosecution Exhibit 3. This stipulation was used during the provi-

dence inquiry. Based upon our review of the entire record, we conclude that the inconsistencies are insignificant and of no consequence. *United States v. Roane*, 43 M.J. 93, 99 (1995); *United States v. Crouch*, 11 M.J. 128, 130 (C.M.A.1981). We conclude that his pleas were provident.

■ The second issue is whether the appellant had the requisite knowledge that the persons participating in the pornographic material he received were minors. Paragraph 8 of the stipulation of fact clearly indicates that the appellant knew, before receiving the material, that the persons performing in the pornographic images he received were minors.

> Staff Sergeant Hand told [appellant] that he had graphic files that contained explicit visual depictions of child pornography. Staff Sergeant Hand *offered* to send Corporal Smith the files to him [sic] through a telephonic computer transmission from Staff Sergeant Hand's computer to Corporal Smith's computer. *Corporal Smith accepted this offer.* ... He knew the files depicted persons under the age of 18 engaging in sexually explicit conduct....

Prosecution Exhibit 1 (emphasis added). This language indicates that the appellant knew what he was getting when he *accepted the offer*. This must have been before he actually received the files.

Similarly, upon questioning during the providence inquiry, the appellant admitted:

> Well, sir, I did receive the files. I did knowingly look at the files and knew that people in the pictures were under the age of 18.

Record at 16. Later, when the appellant was asked: "[Y]ou concluded that these pictures

NOGRAPHY BE MAILED, SHIPPED, OR TRANSPORTED (INCLUDING ELECTRONIC COMPUTER TRANSMISSION) IN INTERSTATE COMMERCE SATISFIED, AS THE TRIAL JUDGE CONCLUDED, WHEN THERE WAS NO EVIDENCE THAT THE MATERIAL WAS TRANSMITTED DIRECTLY TO THE APPELLANT IN INTERSTATE COMMERCE BUT INSTEAD THAT THE MATERIAL WAS TRANSMITTED ELECTRONICALLY FROM VIRGINIA TO A CIVILIAN IN NORTH CAROLINA WHO SUBSEQUENTLY TRANSMITTED IT ELECTRONICALLY TO A MARINE ALSO IN NORTH

CAROLINA, WHO SUBSEQUENTLY PASSED IT ELECTRONICALLY BY TELEPHONE LINE TO THE APPELLANT, ALSO IN NORTH CAROLINA? STATED ANOTHER WAY, IS IT ENOUGH FOR 18 U.S.C. § 2252(A)(2) THAT THE CHILD PORNOGRAPHIC MATERIAL IN QUESTION AT ANY TIME WAS PASSED IN INTERSTATE COMMERCE NO MATTER HOW FAR IN TIME REMOVED FROM RECEIPT BY AN ACCUSED AND EVEN THOUGH AN ACCUSED DOES NOT DIRECTLY RECEIVE THE MATERIAL THROUGH INTERSTATE COMMERCE?

were all of persons under the age of 18?", he replied: "[Y]es, sir." Record at 18.

The military judge correctly advised the appellant of the elements of the offenses. Record at 14–16, 22–23. With regard to the element of scienter in Specification 1, receiving child pornography, we adopt the view of our superior court, found in *United States v. Maxwell*, 45 M.J. 406, 424 (1996)(emphasis added)(footnote omitted):

First and foremost, we are satisfied that there is ample evidence that in fact the actors in the prosecution exhibits that were the basis for the charge under [18 U.S.C.] § 2252 were minors. Second—we recognize that the scienter requirement imposed by *United States v. X–Citement Video, Inc.* (citation omitted) relates to the character of the material, as well as the age of the individuals posed in the materials. However, we do not believe that in taking steps to eradicate the evil of child pornography, Congress intended to erect a virtually insuperable barrier to prosecution by requiring that a recipient or a distributor of pornography must have knowledge of the actual age of the subject, which could only be proved by ascertaining his identity and then getting a birth certificate or finding someone who knew him to testify as to his age. Instead, *we are satisfied that the crucial fact which the Government had to prove was that the subjects were minors. That being the case, as it was here, it then was only necessary to prove that appellant believed they were minors.*

The appellant's repeated admission to his belief and knowledge that the images displayed were of minors is significant to our conclusion. Moreover, it is abundantly clear from the entire record that the persons displayed in the pornographic images were minors. We specifically note that enclosure 10 to the Addendum to the Stipulation of Fact, Prosecution Exhibit 1, indicated in an on-screen text box that the person depicted was "age 12." We conclude that the appellant possessed the requisite knowledge for this offense.

### Calculation of the Maximum Sentence

■ This issue addresses whether the maximum sentence that the military judge

calculated during the providence inquiry was correct. At the time the military judge calculated the maximum period of confinement, he was unaware that the three specifications of showing the child pornography, Specifications 2, 3, and 4, occurred simultaneously. Thus, he calculated the maximum period at 15 years. Record at 8–9. Later, the evidence demonstrated that the appellant had shown the material to "three corporals in the room at the time." Record at 24. In light of our review, we are convinced that Specifications 2, 3, and 4 should have been merged. R.C.M. 307(c)(4), Discussion. We shall merge these three specifications in our decretal paragraph.

Although we will set aside the findings of guilty as to Specifications 3 and 4 in our decretal paragraph, we nonetheless determine that no action is required as to the sentence. We test for prejudice and we find none. Although the military judge informed the appellant that the maximum period of confinement was 15 years, we now conclude that the maximum was 11 years, 8 months. However, the appellant entered his guilty pleas pursuant to a pretrial agreement which called for a maximum confinement of 12 months. We find that the impact of the unreasonable multiplication of charges in this case was *de minimis*.

### Interstate Commerce

■ This issue addresses whether there was sufficient evidence to satisfy the requirement that the pornographic materials were transported in interstate commerce. We answer this question in the affirmative. The record discloses that a person, Mr. G, received the files from an unknown person via America On–Line's computer service, which is located in Vienna, Virginia. Then, Mr. G transmitted the files to a Marine staff sergeant located in North Carolina. Then, the staff sergeant transmitted them to the appellant in North Carolina, via a telephonic computer transmission. Stipulation of Fact, Prosecution Exhibit 1 at ¶ 8; Record at 16. The appellant admitted that the graphic images "were transferred electronically over the telephone line" from Virginia to North Carolina. Record at 17.

The express statutory language which defines the offense of which the appellant stands convicted requires that the material *"has been* shipped or transported in interstate or foreign commerce...." 18 U.S.C. § 2252(a)(2)(emphasis added). In light of this language, we are satisfied that this element of the offense can be met if the pornographic materials were *ever* shipped or transported in interstate commerce.

The question is whether the materials were ever in interstate commerce when they were transmitted electronically over a telephone line, via a computer service, from Virginia to North Carolina. We are unable to cite a case where this issue has been directly addressed by either our superior court or any other military appellate court.[3] Only recently did a federal court specifically find electronic transmissions of information across state lines via the internet to be in interstate commerce. In *United States v. Carroll,* 105 F.3d 740, 742 (1st Cir.1997)(citing *United States v. Thomas,* 74 F.3d 701, 706–07, *cert. denied,* — U.S. —, 117 S.Ct. 74, 136 L.Ed.2d 33 (1996), and *United States v. Maxwell,* 42 M.J. at 580), the court held:

> Transmission of photographs by means of the internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce.

In its review of the decision by the Air Force Court of Criminal Appeals in *Maxwell,* 42 M.J. at 568, the Court of Appeals for the Armed Forces stated that by using a telephone to access a computer network a person can communicate with other personal computer users worldwide on the "information superhighway." *Maxwell,* 45 M.J. at 410. Given this worldwide web of "cyberspace," we now hold that an electronic transmission of information, whether across state lines or across the street, via the internet is a means of transmission in interstate commerce. In that regard, we note that the telephone has been found to be a means of interstate commerce even when the conversation is wholly

intrastate. *Dupuy v. Dupuy,* 511 F.2d 641 (5th Cir.1975). Thus, in the case *sub judice,* regardless of the location of the computer from which the pornographic images were sent to the appellant's computer (e.g., even if the "sending" computer were located in the same state as the "receiving" computer), we hold that the transmission of information in "cyberspace" would constitute a transportation in interstate commerce.

## Conclusion

For the reasons set forth above, Specifications 3 and 4 are merged with Specification 2 to read as follows:

> Specification 2: In that Corporal Robert L. Smith III, U.S. Marine Corps, on active duty with Marine Air Control Squadron 6, Marine Air Control Group 28, 2d Marine Aircraft Wing, on or about during April 1995, aboard Marine Corps Air Station, Cherry Point, North Carolina, knowing the character and content thereof, did wrongfully exhibit to Corporal J.A. Combs, Corporal D.R. Chesbrough, and Corporal S.L. Keith materials consisting of computer files containing visual representations of minors engaged in sexual activity, to wit: oral sodomy, sexual intercourse, masturbation, and lascivious exhibition of the genitals; in violation of North Carolina General Statute 14–190.17 as assimilated into Federal Law by Title 18, United States Code Section 13.

The findings of guilty to the Charge, Specification 1, and the new Specification 2 are affirmed. The findings of guilty for Specifications 3 and 4 are set aside. Specifications 3 and 4 are dismissed. Upon reassessment, we affirm the sentence as approved below.

Chief Judge DOMBROSKI and Senior Judge LUCAS concur.

---

**3.** The Air Force Court of Criminal Appeals found that "the transportation of visual images electronically through the use of an on-line computer service" was within the terms of the statutory prohibition of "transporting obscene materials in interstate or foreign commerce." *United States v. Maxwell,* 42 M.J. 568, 580 (A.F.Ct.Crim.App. 1995). However, that court thereafter merely assumed without so finding that such transportation was in interstate commerce.