**UNITED STATES**

v.

**Delbert E. BLAINE, 319 72 2728, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 98 01645.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 9 April 1998.

Decided 18 June 1999.

CDR Bruce H. Bokony, JAGC, USNR, Appellate Defense Counsel.

LCDR Rebecca L. Gilchrist, JAGC, USN, Appellate Defense Counsel.

LT J.K. O'Grady, JAGC, USNR, Appellate Government Counsel.

Before SEFTON, Chief Judge, TROIDL, Senior Judge, and ROLPH, Appellate Military Judge.

SEFTON, Chief Judge:

Appellant was tried before a military judge sitting alone as a general court-martial. He was convicted, pursuant to his pleas, of possession with intent to distribute both marijuana and cocaine in significant amounts, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1994), and sentenced to a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to pay grade E–1. The convening authority approved the adjudged sentence.

We have examined the record of trial, the single summary assignment of error by appellant, and the Government's response. After careful consideration, we conclude the findings and sentence to be correct in law and fact and find no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

Appellant asserts that *"the record of trial is incomplete* because it is missing the Article 32 Investigation and Article 34 Staff Judge Advocate's Advice in violation of R.C.M. 1103(b)(3)(A)(i) and 1103(b)(3)(A)(ii)."[1] Appellant's Brief and Assignment of Errors at 2. We disagree.

■ We first note that appellant *expressly waived his Article 32 Investigation* as part of his pretrial agreement. Appellant's understanding of this pretrial agreement provision was appropriately ascertained during the providence inquiry, and we find it abundantly clear that no investigation was conducted following this negotiated waiver. Appellate Exhibit I at ¶ 1; Record at 41. Thus, no Article 32 investigation report was required, ever existed, or exists now. Waiver is both permissible and established. Appellate Exhibit I at ¶ 1; Record at 41; R.C.M. 405(k). This fact is hardly difficult to ascertain from the record before us.

■ As for the Staff Judge Advocate's Pretrial Advice under Article 34, UCMJ, no

---

1. RULE FOR COURTS-MARTIAL 1103(b)(3)(A)(i) and (ii), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.).

issue relating to the absence of this document was raised at trial or during the convening authority's post-trial review process. Even now, appellant does not allege that the Staff Judge Advocate's Advice was not prepared as part of the process of referral of the charges against him. Since the Government has not moved to attach a copy of the Staff Judge Advocate's Advice in this case, we considered the impact on this case as if it never existed, and if it did, is simply not now available. If no such advice was ever prepared in this instance, the referral of this case to a general court-martial was erroneous. However, the error is not a jurisdictional flaw, is not *per se* prejudicial error, and mandates reversal only if appellant suffered *actual prejudice*. *United States v. Murray*, 25 M.J. 445, 447 (C.M.A.1988). Appellant has alleged no specific prejudice, and we find none following our careful review of the entire record. Art. 59(a), UCMJ.

Appellant confuses matters to be *attached to* a record with those critical to a verbatim record when the punishments meet the criteria of R.C.M. 1103(b)(2)(B) and 1103(b)(3). Although it was error not to attach the document to the record, we find that the error was harmless beyond a reasonable doubt.

■ The Government relies without qualification on our earlier holding in *United States v. Mayville*, 32 M.J. 838, 841 (N.M.C.M.R.1991). *Mayville*, while providing ample and well-reasoned support for the analytical framework of our decision here, does so only in *dicta*, since it specifically concerned the failure to include terms of suspension in a record. Since we find no controlling or reported case directly on point, we specifically hold that the absence of an Article 34 Pretrial Advice does not render a record nonverbatim within the meaning of R.C.M. 1003(b)(2)(B) and 1003(b)(3), and Article 54, UCMJ.

We affirm the findings of guilty and the sentence, as approved on review below.

Senior Judge TROIDL and Judge ROLPH concur.