*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KIRKBY, ATTANASIO, and GANNON
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Benjamin E. SAWYER**
Culinary Specialist Petty Officer Second Class (E-5)
U.S. Navy
*Appellant*

**No. 202400166**

_____

Decided: 16 January 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Philip J. Hamon

Sentence adjudged 8 April 2024 by a general court-martial convened at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for twenty-four months, and a dishonorable discharge.[1]

---

[1] The adjudged sentence included forfeiture of all pay and allowances. However, as an act of clemency, the convening authority disapproved the adjudged forfeitures in favor of Appellant's dependent. The convening authority also deferred and waived automatic forfeitures.

For Appellant:
*Kimberly D. Hinson*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[2]

During our review of the record, we noted that the Article 34, Uniform Code of Military Justice, pretrial advice was not included in the record as required by Rule for Courts-Martial 1112(f)(1)(B).[3] We ordered the Government to produce the pretrial advice but the Government was unable to do so. Instead, the Government produced an *unsigned* version of the pretrial advice along with an explanatory affidavit from the special trial counsel (STC), explaining: "[t]o the best of [the STC's] recollection, the original [signed] Article 34 advice was given to the court at the arraignment; however, the court reporter cannot locate it." The STC represents that the unsigned pretrial advice letter is the same as that signed prior to referral of the charges.

Concerning the absence of the pretrial advice letter, no objection or motion relating to the absence of this document was raised at trial, during the post-

_____

[2] Articles 59 & 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 859, 866.

[3] The pretrial advice required in this case took the form of certain required written determinations from the special trial counsel (STC). *See* Article 34(c)(1), UCMJ, 10 USC § 834(c)(1) (requiring that any referral of a covered offense to a general or special court-martial must be accompanied by the STC's written determination that: any referred specification allege an offense; that probable cause exists to believe the accused committed the offense; and, that a court-martial would have jurisdiction over the accused and the offense). Rule for Courts-Martial (R.C.M.) 406(b) (same). While we recognize that the STC's determinations are not "advice" in the traditional sense of a staff judge advocate advising a convening authority prior to referral of charges, we nevertheless continue to use the term because Article 34, UCMJ, remains titled, "*Advice* to convening authority before referral for trial" (emphasis added).

trial review process, or during this appeal. Appellant does not allege that the pretrial advice was not prepared as part of the referral process.

"If no such [Article 34 pretrial] advice was ever prepared . . . the referral of this case to a general court-martial was erroneous. However, the error is not a jurisdictional flaw, is not *per se* prejudicial error, and mandates reversal only if appellant suffered *actual prejudice*."[4] Appellant has alleged no specific prejudice related to this issue, and following our careful review of the entire record, we conclude there is none. Although it was error not to attach the (signed) pretrial advice to the record, we conclude that the error did not materially prejudice Appellant's substantial rights.[5]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[4] *United States v. Madigan*, 54 M.J. 518, 520 (N-M. Ct. Crim. App. 2000) (quoting *United States v. Blaine*, 50 M.J. 854, 856 (N-M. Ct. Crim. App. 1999)) (emphasis in original); *see also United States v. Murray*, 25 M.J. 445, 447 (C.M.A. 1988).

[5] While we find no prejudicial error, we do not countenance the Government's failure to attach to the record an appropriately executed and *signed* Article 34 advice. We remind the Government that the requirements outlined in Article 34, UCMJ, in R.C.M. 1106, and, in R.C.M. 1112 are not optional.